IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DONOVAN PEOPLES, )
)
    Plaintiff, )
)
  v. )    1:25CV474
)
EXPERIAN INFORMATION )
SOLUTIONS, INC., )
)
    Defendant. )

## MEMORANDUM OPINION AND ORDER

THOMAS D. SCHROEDER, District Judge.

This case is before the court on pro se Plaintiff Donovan Peoples's motion to strike Defendant's affirmative defenses. (Doc. 20.)[1] Defendant Experian Information Solutions, Inc. ("Experian") has responded in opposition. (Doc. 24.) For the following reasons, Peoples's motion to strike will be granted in part and denied in part.

## I. BACKGROUND

Peoples initially filed a single-count complaint on June 12, 2025, in which he alleged a violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. (Doc. 1.) Experian filed an answer. (Doc. 5.) With the court's leave, Peoples then filed a "supplamental [sic] complaint" containing the same count on

---

[1] Local Rule 7.3 does not exempt motions to strike from its general requirement that motions be accompanied by a separate brief. In the future, Peoples must comply with this district's Local Rules.

December 11, 2025, to incorporate events that he alleges occurred in September 2025.  (Doc. 16.)

In brief, Peoples alleges that Experian violated 15 U.S.C. § 1681g(a)(1) by failing to completely and accurately disclose all the information in his file in response to his request.  (Id. ¶ 59.)  According to Peoples, Experian disclosed six accounts without providing the full account number, account details, or account history.  (Id. ¶¶ 16-18.)  Peoples alleges that "he has experienced damages, embarrassment, emotional stress, anxiety, frustration and credit denials" because of the incomplete disclosures.  (Id. ¶ 52.)

Experian filed an answer to the supplemental complaint on December 30, 2025.  (Doc. 18.)  About two weeks later, Peoples filed the present motion to strike the affirmative defenses contained in Experian's answer to the supplemental complaint. (Doc. 20.)  This motion is now fully briefed and ready for decision.

## II.  ANALYSIS

### A.  Standard of Review

The Federal Rules of Civil Procedure provide that "a party must affirmatively state any avoidance or affirmative defense" in its responsive pleading. Fed. R. Civ. P. 8(c).  Either on its own or on a party's motion, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or

scandalous matter." Fed. R. Civ. P. 12(f). "Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5A Wright & Miller's Federal Practice & Procedure § 1380 (2d ed. 1990)). "Nevertheless, 'a defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted.'" Id. (quoting 5A Federal Practice & Procedure, supra, § 1381).

**B.    Applicable Pleading Standard for Affirmative Defenses**

Peoples first argues that the court should strike Experian's affirmative defenses because they fail to meet the plausibility standard set forth by the Supreme Court of the United States in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). (Doc. 20 at 2.) He contends that "every district court within the Fourth Circuit to have considered" whether the plausibility standard applies to affirmative defenses has concluded that it does. (Id.) Experian counters that "the clear weight of authority among district courts in the Fourth Circuit holds that the heightened pleading standards of Twombly and Iqbal do not apply to affirmative defenses." (Doc. 24 at 3.)

The Fourth Circuit has only ever addressed the affirmative defense pleading standard in an unpublished opinion, which is not

3

precedential, decided before Twombly and Iqbal, holding that "[a]n affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defense." Clem v. Corbeau, 98 F. App'x 197, 203 (4th Cir. 2004) (per curiam) (second alteration in original) (quoting 5 Federal Practice & Procedure, supra, § 1274). And contrary to Peoples's contention, since Twombly and Iqbal, most courts in this district have declined to apply the heightened pleading standard to affirmative defenses. See, e.g., Drapkin v. Mjalli, 441 F. Supp. 3d 145, 151 (M.D.N.C. 2020); Orshal v. Bodycote Thermal Processing, Inc., 15CV674, 2016 WL 4007610, at *2 (M.D.N.C. July 26, 2016); Keith Bunch Assocs., LLC v. La-Z-Boy Inc., No. 14-cv-850, 2015 WL 4158760, at *2 (M.D.N.C. July 9, 2015); Guessford v. Pa. Nat'l Mut. Cas. Ins. Co., 918 F. Supp. 2d 453, 468 (M.D.N.C. 2013). But see CC & LC Props., LLC v. Alltel Commc'ns of N.C. Ltd. P'ship, --- F. Supp. 3d ---, 2026 WL 880218, at *5 (M.D.N.C. 2026). According to one case study of 925 decisions nationwide, "in the first ten years after Twombly, [courts] refused to apply heightened pleading standards to affirmative defenses 62% of the time." Brian Soucek & Remington B. Lamons, Heightened Pleading Standards for Defendants: A Case Study of Court-Counting Precedent, 70 Ala. L. Rev. 875, 891 (2019).

There is a reasonable basis for applying the notice pleading standard. First, the language in Rule 8(c) differs from the Rule

4

8(a)(2) language considered by the Court in Twombly and Iqbal, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." See Fed. R. Civ. P. 8(a)(2); see also EEOC v. Joe Ryan Enters., Inc., 281 F.R.D. 660, 663 (M.D. Ala. 2012) ("If the drafters of Rule 8 intended for defendants to plead affirmative defenses with the factual specificity required of complaints, they would have included the same language requiring a 'showing' of 'entitle[ment] to relief' in the subsections governing answers and affirmative defenses." (alteration in original)). Second, a plaintiff's opportunity to develop facts to meet the heightened pleading standard is limited only by the relevant statute of limitations, while a defendant must serve an answer raising its affirmative defenses within 21 days of service of the complaint. See Keith Bunch Assocs., 2015 WL 4158760, at *2 (citing Paleteria La Michoacana v. Productos Lacteos, 905 F. Supp. 2d 189, 191-92 (D.D.C. 2012)). Thus, the court is yet persuaded that a heightened pleading standard applies and will apply a "fair notice" standard to Experian's affirmative defenses.

## C. Fair Notice

As an initial matter, Experian "has agreed to narrow the issues of the case by withdrawing its Affirmative Defenses 1, 5, 8, and 10." (Doc. 24 at 1.) To this extent, Peoples's motion to strike will be denied as moot, see Edwards v. CSXT Transp., Inc.,

338 F.R.D. 590, 594 (E.D.N.C. 2021), and his challenges to the remaining Affirmative Defenses 2, 3, 4, 6, 7, and 9 will be addressed.

### 1. Second Affirmative Defense (Truth/Accuracy of Information)

Experian's Second Affirmative Defense provides: "All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true." (Doc. 18 at 13.) Peoples contends that "the accuracy of the information has no correlation" to Experian's liability pursuant to 15 U.S.C. § 1681g. (Doc. 20 at 4.) Experian disagrees, countering that the accuracy of the information provided by Experian could determine whether Peoples has standing to bring his claim. (Doc. 24 at 4-5.)

Here, Experian's Second Affirmative Defense simply does not constitute a valid defense to this action under the facts alleged. Waste Mgmt. Holdings, 252 F.3d at 347. The single-count complaint hinges entirely on the alleged incomplete information provided by Experian to Peoples, not on information about Peoples "communicated to any third person." (See Doc. 16 ¶¶ 12, 16, 21.) Thus, the accuracy of the information provided by Experian "to any third person" is immaterial, and the court will strike Affirmative Defense 2.

6

### 2. Third Affirmative Defense (Failure to Mitigate Damages)

Experian's Third Affirmative Defense states: "Plaintiff has failed to mitigate their damages." (Doc. 18 at 13.) Peoples argues that the FCRA does not require him "to attempt or accomplish damage mitigation incurred from statutory violations." (Doc. 20 at 4.) He contends that 15 U.S.C. § 1681n fixes Experian's statutory liability "at $100-$1,000 per willful violation." (Id. at 5.) Experian counters that failure to mitigate damages "is a classic, proper defense tied to causation and damages." (Doc. 24 at 5.) Experian further asserts that Peoples' failure to mitigate relates to his request for extensive emotional distress damages. (Id.)

Courts have repeatedly allowed the affirmative defense of failure to mitigate damages to survive a Rule 12(f) motion in FCRA actions. See, e.g., Padilla v. Experian Info. Sols., Inc., No. 23-CV-60669, 2023 WL 9228313, at *7 (S.D. Fla. Oct. 13, 2023); Nadeau v. Experian Info. Sols., Inc., No. 20-CV-1841, 2020 WL 7396588, at *5 (D. Minn. Dec. 17, 2020); Strohbehn v. Access Grp. Inc., 292 F. Supp. 3d 819, 832 (E.D. Wis. 2017). Experian has provided Peoples with fair notice of this defense, and the court will not strike it.

### 3. Fourth Affirmative Defense (Contributory Negligence/Comparative Fault)

Experian's Fourth Affirmative Defense alleges:

7

> Experian is informed and believes and thereon alleges
> that any alleged damages sustained by Plaintiff were, at
> least in part, caused by the actions of Plaintiff
> themselves. To the extent the Plaintiff is found to
> have been negligent, this operates as a complete bar to
> his claim. To the extent Plaintiff's alleged damages
> were caused by third parties and/or Plaintiff's own
> negligence, their negligence equaled or exceeded any
> alleged negligence or wrongdoing by Experian.

(Doc. 18 at 13-14.) Peoples asserts that negligence-based defenses do not apply to statutory claims under FCRA "where the duty imposed is non-delegable and defined by statute." (Doc. 20 at 5.) Experian counters by simply citing Ali v. Equifax Information Services, LLC, No. 20-CV-173, 2020 WL 6049908, at *3-4 (E.D.N.C. Oct. 13, 2020). (Doc. 24 at 6.)

Experian's citation to Ali does not help its argument, however. In fact, the court in Ali struck the contributory negligence portion of the affirmative defense because the defendant had "not pointed to, nor has the court's research revealed, any authority that has recognized that contributory negligence, as that term is understood in, for example, North Carolina common law, can serve as an absolute bar to recovery for a FCRA claim." Ali, 2020 WL 6049908, at *4.

Here, Experian has similarly failed to point to any authority recognizing the validity of a contributory negligence/comparative fault affirmative defense in a FCRA action. This court's own research has nevertheless uncovered several courts that have declined to strike a defendant's contributory

8

negligence/comparative fault affirmative defense to a FCRA claim. See, e.g., Smith v. Experian Info. Sols., Inc., No. 24-CV-408, 2025 WL 973492, at *2 (N.D. Ind. Apr. 1, 2025); Robinson v. Nat'l Credit Sys., Inc., No. 17-cv-386, 2018 WL 1877462, at *4 (M.D. Fla. Apr. 19, 2018); Bruno v. Equifax Info. Servs., LLC, No. 17-0327, 2017 WL 2833393, at *3 (E.D. Cal. June 30, 2017). But see Ward v. Nat'l Credit Sys., Inc., No. 21-cv-02597, 2024 WL 2846609, at *10 n.6 (D. Colo. June 5, 2024) ("Under the statutory scheme, it appears that a 'negligent' violation is defined by its non-willfulness, not by its incorporation of common law negligence principles like comparative fault that do not cleanly map onto the duties imposed on furnishers under the FRCA.").

"When Congress uses a term with origins in the common law, we generally presume that the term 'brings the old soil with it.'" Kousisis v. United States, 605 U.S. 114, 124 (2025) (quoting Sekhar v. United States, 570 U.S. 729, 733 (2013)). And here, the FCRA clearly imposes liability on any person who is negligent in failing to comply with its requirements. See 15 U.S.C. § 1681o. Peoples has alleged Experian's negligent noncompliance with the FCRA as an alternative basis for recovery. (Doc. 16 ¶ 61.) Thus, because contributory negligence/comparative fault is a recognized affirmative defense in common law negligence actions, and Experian has provided fair notice, the court will not strike Affirmative Defense 4.

### 4. Sixth Affirmative Defense (Intervening Causes)

Experian's Sixth Affirmative Defense states:

> Experian is informed and believes and thereon alleges that if Plaintiff sustained any of the injuries alleged in the Supplemental Complaint, there was an intervening, superseding cause and/or causes leading to such alleged injuries and, as such, any action on the part of Experian was not a proximate cause of the alleged injuries.

(Doc. 18 at 14.)  Peoples argues that Experian has failed to allege "any specific conduct or facts to support this affirmative defense or highlight any potential intervening causes."  (Doc. 20 at 6.) Experian responds by again citing Ali, 2020 WL 6049908, at *3 n.4. (Doc. 24 at 6.)

In Ali, the court found an affirmative defense valid in so far as the defense alleged "intervening conduct on the part of plaintiff that would negate his prima facie claim for damages under the FCRA due to a lack of causation."  Ali, 2020 WL 6049908, at *3.  The court reasoned that the FCRA's plain language "indicates the need for some causal nexus" between the consumer reporting agency's alleged action or inaction and the consumer's harm.  Ali, 2020 6049908, at *3 (citing 15 U.S.C. §§ 1681n(a)(1)(A), 1681o(a)).[2]  This court agrees that Peoples must demonstrate causation to prevail under the FCRA and so declines to strike Affirmative Defense 6, finding it provides Peoples fair notice.

---

[2] In relevant part, the FCRA requires "actual damages sustained by the consumer as a result of the [consumer reporting agency's] failure."  15 U.S.C. §§ 1681n(a)(1)(A), 1681o(a)(1) (emphasis added).

10

### 5. Seventh Affirmative Defense (Punitive Damages)

Experian's Seventh Affirmative Defense reads:

> The Supplemental Complaint does not allege facts sufficient to rise to the level of conduct required to recover punitive damages, and thus all requests for punitive damages are improper. Plaintiff's claims for exemplary or punitive damages violate the Due Process Clause of the Fifth Amendment and the Excessive Fines Clause of the Eighth Amendment.

(Doc. 18 at 14.) Peoples contends that a punitive damages affirmative defense is not proper. (Doc. 20 at 6.) Experian responds by citing two cases where the court declined to strike a punitive damages affirmative defense in the FCRA context. (Doc. 24 at 6.)

As Experian correctly notes, at least one district court in the Fourth Circuit has declined to strike a punitive damages affirmative defense in a FCRA action. See Simpson v. Portfolio Recovery Assocs., LLC, No. 24-cv-00094, 2025 WL 3461565, at *4 (W.D. Va. Dec. 2, 2025); see also Clark v. Target Corp., No. 19-cv-01997, 2020 WL 772871, at *2 (D.S.C. Feb. 18, 2020) (finding that the defendant's affirmative defense for punitive damages put the plaintiff "on some notice"). Another court treated a punitive damages affirmative defense to a FCRA claim as a specific denial and similarly declined to strike it. See Padilla, 2023 WL 9228313, at *8. Thus, the court finds that this defense provides Peoples fair notice, and it will not strike Affirmative Defense 7.

11

### 6.   Ninth Affirmative Defense (Release)

Finally, Experian's Ninth Affirmative Defense provides: "Experian alleges on information and belief that Plaintiff's claims are barred in whole or in part due to a prior release by Plaintiff." (Doc. 18 at 15.) Peoples argues that Experian has failed to plead sufficient facts to support this affirmative defense. (Doc. 20 at 7.) In response, Experian simply cites McAfee v. Experian Information Solutions, Inc., No. 23-cv-444, 2024 WL 1242296, at *4 (S.D. Ohio Mar. 25, 2024). (Doc. 24 at 6-7.)

In McAfee, the court found that the plaintiff received fair notice of a release affirmative defense in a FCRA action because the amended answer "set[] out in detail its assertions of the facts surrounding the settlement agreement and release supporting these defenses." McAfee, 2024 WL 1242296, at *4. Unlike the amended answer in McAfee, however, Experian's defense here provides no details of the alleged release between the parties. (See Doc. 18 at 15.) Nor are these details provided elsewhere in the answer. (See id. ¶ 36.) To provide fair notice to Peoples, Experian must assert, at a minimum, when and by what means it alleges the parties entered into this release agreement. Cf. Topline Sols., Inc. v. Sandler Sys., Inc., No. L-09-3102, 2010 WL 2998836, at *2 (D. Md. July 27, 2010) ("[E]ven before Twombly and Iqbal, the defenses of waiver, estoppel and laches were consistently struck when pled

12

without reference to some facts.").  Absent such information, the defense is insufficient, and the court will therefore strike Affirmative Defense 9.

### D.    Showing of Prejudice

Experian asserts that Peoples never argues or demonstrates that he would suffer any prejudice because of Experian's asserted affirmative defenses.  (Doc. 24 at 7.)  Further, it contends that Peoples could not demonstrate prejudice because Experian asserted the same defenses in its answer to Peoples's original complaint, which it filed more than five months before Peoples filed the present motion to strike.  (Id.)  Experian contends that Peoples's failure to move to strike the affirmative defenses in the original answer "significantly undermines any claim of prejudice" by Peoples.  (Id.)

"[A] showing of prejudice to the moving party has often been required before a 12(f) motion to strike can be granted." Godfredson v. JBC Legal Grp., P.C., 387 F. Supp. 2d 543, 556 (E.D.N.C. 2005); accord Hardy v. Lewis Gale Med. Ctr., LLC, 377 F. Supp. 3d 596, 605 (W.D. Va. 2019) ("Usually a motion to strike requires a showing that denial of the motion would prejudice the moving party.").  But "[a]n affirmative defense is appropriately struck, even absent a showing of prejudice, 'when the defense is clearly legally insufficient.'"  Jet Sys., LLC v. J.F. Taylor, Inc., No. DKC 24-1628, 2026 WL 1090949, at *6 (D. Md. Apr. 22,

13

2026) (quoting 5C Wright & Miller's Federal Practice & Procedure § 1381 n.41 (3d ed. 2026)). Moreover, courts have found prejudice even under the fair notice standard where the defendant's answer asserts factually unsupported affirmative defenses that would necessitate additional discovery. See, e.g., id. (finding prejudice from an affirmative defense where the plaintiff would "need 'to use up some of [its] limited discovery requests and time to figure out exactly what the factual bases are' for this defense" (alteration in original) (quoting Villa v. Ally Fin., Inc., No. 13CV953, 2014 WL 800450, at *4 (M.D.N.C. Feb. 28, 2014))).

Here, Affirmative Defenses 2 and 9 are both legally insufficient. While a showing of prejudice would not be required before striking them, Peoples's need to uncover the factual bases of the affirmative defenses through discovery would likely demonstrate sufficient prejudice in any event. Thus, Peoples's motion to strike Affirmative Defenses 2 and 9 will be granted.

### E. Leave to Amend

Finally, Experian requests an opportunity to amend its pleadings in the event the court strikes any of its affirmative defenses (Doc. 24 at 8), but no motion to amend has been filed. Absent an actual motion with proposed additional facts, the Fourth Circuit has declined to "find that requests made in opposition memoranda constitute a proper motion to amend." ACA Fin. Guar. Corp. v. City of Buena Vista, 917 F.3d 206, 218 (4th Cir. 2019).

14

Nevertheless, the court's ruling is without prejudice should Experian seek leave to amend.

## III. CONCLUSION

For the reasons stated,

IT IS THEREFORE ORDERED that Plaintiff Peoples's motion to strike (Doc. 20) is GRANTED IN PART, and the court STRIKES WITHOUT PREJUDICE Affirmative Defenses 2 and 9. The motion to strike is otherwise DENIED.

/s/   Thomas D. Schroeder
United States District Judge

May 21, 2026